# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> AMIR ZAVIEH, <br> Defendant. | Case No. 12-cr-00195 EMC (NC) <br> **ORDER GRANTING LETTERS ROGATORY AND RULE 15 DEPOSITIONS** <br> Re: Dkt. No. 67 |

Defendant Amir Zavieh moves the Court to allow him to depose nine prospective witnesses under Federal Rule of Criminal Procedure Rule 15(a) and to issue letters rogatory to facilitate eight of the depositions. The issue is whether Zavieh has shown that exceptional circumstances and the interests of justice warrant the taking of the depositions. After briefing and a hearing, the Court, in its discretion, finds that Zavieh has met his burden and GRANTS the motion to depose all nine prospective witnesses.

## I. BACKGROUND

**A.  Zavieh's Motion and Under Seal Filings**

Zavieh moves under Federal Rule of Civil Procedure 15(a) to take nine depositions. Dkt. No. 67. Eight of the prospective deponents are located in Switzerland, and Zavieh seeks letters rogatory in order to depose them. *Id.* at 4. The ninth prospective deponent is Zavieh's sister, Fatemeh "Pouri" Zavieh, who lives in Iran. *Id.* at 5; Dkt. No. 80-1 at 2.

Zavieh seeks to depose her in Cyprus or the United Arab Emirates. Dkt. No. 67 at 6; Dkt. No. 80-1 at 2.

In his motion, Zavieh asserts that he is innocent and that these nine deponents will aid in the preparation of his case for trial. Dkt. No. 67 at 2. Regarding the Swiss deponents, Zavieh argues that each of them interacted with the bank account Zavieh is accused of using to defraud the United States during the time Zavieh allegedly conspired to evade his taxes. *Id.* at 2, 4. Zavieh states that his sister's testimony will also be material. Zavieh proffers further evidence and argument of the relevance of the prospective deponents in an ex parte, under seal filing to the Court. Without revealing the content of his filing, the Court notes that the facts set forth by defense counsel are fairly bare-boned but indicate that the nine deponents are relevant to Zavieh's defense. The government allegedly plans to call one of the eight Swiss deponents as a witness during its case-in-chief, which further supports the relevance of these potential witnesses. Dkt. No. 80 at 6.

The eight potential deponents in Switzerland are, according to Zavieh, "highly unlikely [to] set foot on United States soil and risk being arrested." Dkt. No. 80 at 3. One of the eight has been indicted, and the others have been identified as co-conspirators. *Id.* In spite of these obstacles, Zavieh asserts that "they may be willing to be deposed in Switzerland to exonerate themselves and support [his] defense." *Id.* Zavieh's sister is unwilling to leave Iran to travel to the United States. Dkt. No. 80-1 at 2. At the March 27, 2013 hearing, the government stated that Ms. Zavieh was denied a visa in 2011, the last time she tried to visit the United States.

**B.  The Government's Opposition**

The government opposes Zavieh's motion for the depositions on the grounds that Zavieh has failed to show exceptional circumstances that would justify the depositions under Federal Rule of Criminal Procedure 15(a). Dkt. No. 75. Specifically, the government argues that Zavieh has failed to carry his burden of proving a four-factor test from *United States v. Zuno-Arce*, 44 F.3d 1420, 1424-25 (9th Cir. 1995): (1) that the witnesses are unavailable for trial; (2) that Zavieh made a good faith effort to obtain the

witness' presence at trial; (3) that the testimony will be favorable; and (4) that the deponents are willing and able to be deposed.

**C.    Jurisdiction**

Judge Chen referred all discovery motions in this case to this Court.  Dkt. No. 73.

## II. STANDARD OF REVIEW

"A party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice."  Fed. R. Crim. P. 15(a)(1).  Thus, unlike in civil trials, in criminal cases, "depositions are not allowed merely for the purpose of discovery."  *United States v. Rich*, 580 F.2d 929, 933-34 (9th Cir. 1978).  Nevertheless, "[t]he district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the exceptional circumstances requirement has been satisfied."  *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) (internal citation and quotation marks omitted).  There are no specific prerequisites or factors a district court must consider; "Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial."  *Id.*

## III. DISCUSSION

As an initial matter, the Court clarifies that there are no particular factors or prerequisites—inclusive of materiality and unavailability—that it must consider when ruling on a motion to depose a prospective witness under Federal Rule of Criminal Procedure 15(a).  The government relies too heavily on *United States v. Zuno-Arce*, 44 F.3d 1420 (9th Cir. 1995), for its proposition that Rule 15 requires Zavieh to satisfy the elements of a four-part test.  Dkt. No. 75 at 3.  In *Zuno-Arce*, the Ninth Circuit held only that "[i]n criminal cases, depositions may be taken only in 'exceptional circumstances.'"  *Id.* at 4424 (quoting Fed. R. Crim. P. 15(a)).  The Ninth Circuit then reviewed what the district court, in its discretion, "focused . . . on" in determining whether exceptional circumstances existed.  *Id.* at 1425.  The district court had looked to facts such as the unavailability of the

Case No. 12-cr-00195 EMC (NC)
ORDER GRANTING MOTION FOR
RULE 15 DEPOSITIONS
3

prospective witness, the good faith effort to have the witness present at trial, whether the testimony was likely to be favorable, and whether the witness was available and willing to be deposed. *Id.* These facts made "good reasons for deciding that this was not a case" to grant a deposition, and the Ninth Circuit ruled that the district court had not abused its discretion. *Id.* at 1426. These facts were merely the "particular circumstances of [Zuno-Arce's] case," *Omene*, 143 F.3d at 1170, and not a four-factor rule of law to be applied in every case.

Furthermore, requiring Zavieh to prove that a prospective witness will be unavailable and will give material testimony in order to depose him conflates the requirement for taking the deposition with admitting the deposition at trial. *United States v. Sines*, 761 F.2d 1434, 1439 (9th Cir. 1985). Depositions taken under Rule 15 are not automatically admissible; rather, their admissibility is subject to the Federal Rules of Evidence. Fed. R. Crim. P. 15(f).

The Federal Rules of Evidence generally condition the admissibility of deposition testimony, in the absence of trial testimony, on the unavailability of the witness. *See* Fed. R. Evid. 804(b). But, "[i]t would be unreasonable and undesirable to require the [a party] to assert with certainty that a witness will be unavailable for trial months ahead of time, simply to obtain authorization to take his deposition." *Sines*, 761 F.2d at 1439; *see also Rich*, 580 F.2d at 934 ("A defendant may depose a witness only if the witness *may be* unable to attend trial.") (emphasis added); *accord United States v. Fei Ye*, 436 F.3d 1117, 1123 (9th Cir. 2006); *United States v. Cutler*, 806 F.2d 933, 936 (9th Cir. 1986). Zavieh need not prove a witness' unavailability at trial in order to depose him under Rule 15.

Regarding materiality, the Ninth Circuit recently looked to the "fundamental standards of relevancy" of the Federal Rules of Evidence, "which require the admission of [evidence] which tends to prove" a particular fact of consequence, in defining "material" evidence under Federal Rule of Criminal Procedure 16. *United States v. Stever*, 603 F.3d 747, 756 (9th Cir. 2010) (internal citation and quotation omitted). One court in this district has determined that a higher standard of materiality must be demonstrated under Rule 15

Case No. 12-cr-00195 EMC (NC)
ORDER GRANTING MOTION FOR
RULE 15 DEPOSITIONS
4

than is required by *Stever*. *See United States v. Jinian*, 09-cr-01103 JSW (EDL), 2010 WL 3910138, *3 (N.D. Cal. Oct. 5, 2010) (declining to follow *Stever* where defendant sought Rule 15 deposition because Rule 16 "simply requires turning over evidence already in the government's possession," while Rule 15 "involves a significant additional burden and expense by allowing a deposition, in this case in a foreign country" and "imposes the requirements of exceptional circumstances and in the interests of justice."). The Ninth Circuit, however, has stated unequivocally, that "Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial." *Omene*, 143 F.3d at 1170. There simply is no threshold requirement of materiality in the Rule 15 analysis.

Here, Zavieh presents exceptional circumstances that justify deposing nine witnesses under Rule 15. His sister, Ms. Zavieh, is a citizen and resident of Iran. Dkt. No. 80-1 at 2. Ms. Zavieh has declared that she is not willing to travel to the United States, but is willing to travel to Cyprus or Dubai to be deposed. *Id.* Ms. Zavieh apparently was denied a visa when she attempted to travel to the United States in 2011. The United States and Iran have a tenuous to hostile relationship. Ms. Zavieh is willing to be deposed elsewhere. There is no need to subject to Ms. Zavieh to the uncertainties of travel between these two nations, if a neutral ground is available. Thus, the Court finds the deposition justified.

The eight other witnesses Zavieh seeks to depose are in Switzerland, and each have connections to the account Zavieh is charged with using to evade taxes. Dkt. No. 67 at 4. As both the government and the defense points out, these prospective witnesses could face criminal liability if they return to the United States. One, evidently, has been indicted already in the Southern District of Florida. Dkt. No. 75 at 6. Another will testify for the government as a condition of his plea agreement. Dkt. No. 80 at 6 n.8. Where procedural mechanisms exist that would allow Zavieh to preserve the testimony of these prospective, relevant witnesses, his right to put on a defense and assert his innocence should not be limited by the alleged criminality of others. The Court finds that the interests of justice warrant deposing these prospective witnesses.

## IV. CONCLUSION

The facts of this case present exceptional circumstances that justify depositions under Rule 15 in order that Zavieh may assert his defense. In the interests of justice, the Court GRANTS Zavieh's motion. Defense counsel must confer with the government and then submit the proposed letters rogatory to the Court, in English, by April 26, 2013.

Any party may object to this order within fourteen days under 28 U.S.C. § 636(b)(1)(A). *See* Criminal L.R. 2-1; Civil L.R. 72-2.

IT IS SO ORDERED.

Date: March 27, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge