STEVEN KALAR
Federal Public Defender
RITA BOSWORTH
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Telefacsimile: (415) 436-7706

Counsel for Defendant ZAVIEH

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-12-195 EMC |
| ) | |
| Plaintiff, ) | STIPULATION [AND PROPOSED |
| ) | ORDER] TO CONTINUE STATUS |
| v. ) | CONFERENCE |
| ) | |
| AMIR ZAVIEH, ) | Current hearing date: October 16, 2013 |
| ) | Proposed hearing date: December 11, 2013 |
| Defendant. ) | |
| _____) | |

1. The parties last appeared before the Court on June 21, 2013. At that time, the Court granted defendant's motion to conduct a Rule 15 deposition in Cyprus and to issue Letters Rogatory to depose witnesses in Switzerland. The Court set a status date for October 16, 2013, to give the parties time to conduct the deposition.

2. The parties had intended to schedule and conduct the Rule 15 deposition of Pouri Zavieh in Cyprus in September. However, on August 2, 2013, it came to light that Ms. Zavieh had applied for a United States visa. The parties decided to wait to see if Ms. Zavieh's visa was granted before making travel plans in order to avoid a potential expense.

3. On September 12, Ms. Zavieh informed defense counsel that her U.S. visa was denied. The parties resumed planning for the deposition in Cyprus. However, while the Cypriot

Stip. To Continue
*U.S. v. Zavieh*, CR 12-195 EMC

embassy confirmed that it would be able to accommodate the parties for the deposition, Ms. Zavieh was not sure if she would be able to travel to Cyprus. There are no direct flights from Iran, where Ms. Zavieh resides, to Cyprus. Due to commerce restrictions in Iran, Ms. Zavieh would be unable to purchase a flight that did not originate in Iran until out of Iran. For this reason, it was difficult for her to make concrete travel plans, and the parties did not want to risk the expense of a costly trip without assurances that the deposition could be completed.

4. In addition, the shutdown of the federal government threatened to cut off all funding necessary for the parties to make the trip. The parties agreed to look for alternative solutions for completing the deposition. The parties also determined that the deposition needed to be scheduled after the federal government re-opened to ensure adequate funding.

5. Based on communication with the Cypriot embassy, the parties determined that it is a possibility to conduct the deposition in Dubai. Ms. Zavieh is able to travel to Dubai as there are direct flights from Tehran. The parties are still waiting to confirm with the embassy in Dubai that this can be accommodated and they are also waiting for the federal government to re-open to ensure that there is funding available for the parties to travel.

6. In light of the circumstances, the parties will not have the deposition completed by October 16, the date of the status conference. The parties have been working in good faith to ensure that the deposition takes place, but there are logistical obstacles beyond the parties' control that have caused delay. As such, the parties request that the Court vacate the status conference scheduled for October 16 and re-schedule it for December 11 at 2:30 p.m.

7. For these reasons, IT IS STIPULATED AND AGREED that this matter be continued to December 11, 2013, for a status hearing and that time under the Speedy Trial Act be excluded from June 21, 2013 until that date because the ends of justice outweigh the best interest of the public and the defendant in a speedy trial, for effective preparation of

defense counsel, taking into account the exercise of due diligence, and for continuity of defense counsel. 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

SO STIPULATED.

                                  STEVEN KALAR
                                  Federal Public Defender

10/10/13                            /s/
_____              _____
DATE                              RITA BOSWORTH
                                  Assistant Federal Public Defender


                                  MELINDA HAAG
                                  United States Attorney

10/10/13                            /s/
_____              _____
DATE                              MARK DALY
                                  Assistant United States Attorney

Good cause appearing therefor, IT IS ORDERED that this matter be continued until December 11, 2013, and that time under the Speedy Trial Act be excluded until that date because the ends of justice outweigh the best interest of the public and the defendant in a speedy trial, for effective preparation of defense counsel, taking into account the exercise of due diligence, and for continuity of defense counsel. 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

10/11/13
_____              _____
DATE                              EDWARD CHEN
                                  United States District Judge

APPROVED
Judge Edward M. Chen